UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| DWAYNE LEBLANC | CIVIL ACTION |
| VERSUS | NO. 19-9319 |
| TIMOTHY HOOPER, WARDEN | SECTION "R" (3) |

## PETITIONER'S CONSENT MOTION FOR A STAY OF PROCEEDINGS

NOW INTO COURT, through undersigned counsel, pursuant to L.R. 7.3, comes the Petitioner Dwayne Leblanc who respectfully requests a stay of the proceedings in this habeas corpus action to permit him to file and litigate a post conviction relief application in the state court raising the claim that he was denied his Sixth Amendment right to a jury trial as a result of his conviction being based on a non-unanimous 10-2 jury verdict. The Respondent Timothy Hooper consents to Petitioner's motion to stay the proceedings. The motion is based on the following:

1. On February 6, 1997 Petitioner was convicted in the Orleans Parish Criminal District Court, Section "G," of second degree murder, R.S. 14-30.1 and attempted first degree murder, R.S. 14-(27)30. On March 21, 1997 he was sentenced to life imprisonment without the possibility of parole.

2. On April 12, 2019 Petitioner filed a Petition for Writ of Habeas Corpus and on April 18, 2019 an Order was entered requiring the Respondent to submit a response addressing whether Petitioner has exhausted his state remedies and whether the one year period of limitation for filing his petition had expired. In addition, the Order required the Respondent to file a copy of the entire state court record. [DE-5]

3. After a number of consent extensions centering around an inability to locate the full state court record, on August 28, 2019 respondent, represented by the Orleans Parish District Attorney's Office, filed a response [DE-18] and on October 24, 2019 Petitioner filed a reply to the response. [DE-21]

4. On December 7, 2020 an Order was entered requiring the Petitioner to file, within 14 days, copies of the 43 exhibits he submitted in the state court in support of his May 29, 2015 post conviction relief application. [DE-22]

5. On April 20, 2020 <u>Ramos</u> v <u>Louisiana</u>, 140 S. Ct. 1390 (2020) was decided by the Supreme Court of the United States holding that the Sixth Amendment right to a jury trial requires a unanimous verdict to support a conviction.

6. On January 1, 2021 the newly elected Orleans Parish District Attorney, Jason Williams, assumed office and established a Civil Rights Division within the office charged with reviewing potential wrongful convictions, excessive sentences and finalized non-unanimous jury verdict cases.

7. On February 26, 2021 the Orleans Parish District Attorney's Office announced that it was consenting to new trials for 22 state prisoners previously convicted by non-unanimous juries. See, https://www.fox8live.com/2021/02/27/da-jason-williams-announces-he-will-allow-re-trials-proceed-overturned-split-jury-cases/

8. The Petitioner has maintained throughout the history of his case that not only is he actually innocent but also that the jury's verdict in his case was non-unanimous. However it was only in the last month that counsel was able to locate documentation establishing that in fact Petitioner's verdict was not unanimous

9. A single sheet docket entry separate and apart from the Master Docket Sheet was located reflecting that the jury poll in Petitioner's case was 10-2. [See Attached Docket Entry, Exhibit A] The Master Docket Sheet, maintained by the Orleans Parish Criminal District Court Clerk, contains no reference to the jury's non-unanimous verdict or to the polling of the jury following announcement of the verdict [Exhibit 2, at 3][1] and the trial transcript merely reflects that after the verdict was announced the following occurred:

> "The Court: Ladies and gentlemen, is this your verdict?
>
> Jurors: Yes"
>
> [Exhibit 1, Trial Transcript, February 6, 1997, at 28-29].

10. Having located documentation establishing that Petitioner's verdict was non-unanimous counsel contacted newly substituted in counsel for the Respondent G. Ben Cohen, Assistant District Attorney and advised him of the documentation showing that the verdict was non-unanimous. In discussions that followed with Mr. Cohen counsel was advised that the Civil Rights Division of his office would (a) review Petitioner's case if he filed a post conviction relief application raising the issue of his non-unanimous jury verdict; and (b) waive any issue of timeliness of the filing of the post conviction application. In addition, Respondent stated it would consent to a stay of the Petitioner's habeas proceedings in order to afford him the opportunity to file a post conviction relief application, have his office review the issue on the merits and litigate the issue in the state court.

---

[1] References to numbered exhibits are to the exhibits submitted in support of petitioner's 2015 state post conviction relief application.

3

11.     On June 17, 2021 there was a status conference in the case and the parties advised the Court of the non-unanimous verdict issue and their tentative agreement on staying the proceedings and returning to the state court in order to present the non-unanimous verdict issue. Undersigned counsel requested time to consult with Petitioner to determine how he wanted to proceed and the Court granted the request.   At the status conference it was also determined, in the event the proceedings are not stayed, respondent would have 60 days to submit a merits response to the petition. A follow-up status conference was scheduled for Thursday, July 22, 2021 at 10:00 a.m. via zoom.

12.     Counsel has conferred with Petitioner and it his desire to move for a stay of the proceedings in this action and to file a post-conviction relief application in the state court to give the Orleans Parish District Attorney's Office the opportunity to review the application and litigate his claim that the jury's non-unanimous verdict entitles him to a new trial.

13.     Counsel for Respondent has indicated that the Civil Rights Division of his office is currently reviewing approximately 300 cases involving non-unanimous jury verdicts and Petitioner understands the process of reviewing his case will not occur overnight.

14.     This motion is not submitted for purposes of delay or to gain a tactical advantage in the litigation.

WHEREFORE, it is respectfully submitted, for the reasons stated above, that an Order issue staying the proceedings in this matter in order to afford the Petitioner the opportunity to return to the state court to file a post conviction relief application raising the issue that he was denied his right to a jury trial by his non-unanimous jury verdict and litigate the issue in the state courts.

Respectfully submitted,

*/s/ Paul Casteleiro*
Paul Casteleiro, Esq. (NJ7711973)
Pro hac vice
Legal Director-Centurion
1000 Herrontown Road, 2nd Floor
Princeton, NJ 08540
Tel: (609) 921-0334
Email: paul@centurion.org

RACHEL CONNER (29726)
3015 Magazine Street
New Orleans, LA. 70115
(504) 581-9083-Office
(504) 527-6156-Fax
Rachel@connersothern.com

Attorneys for Petitioner Dwayne LeBlanc